**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov



**Spencer L. Ash**
Municipal Attorney

December 2, 2021

BY ECF
Hon. Frank P. Geraci, Jr.
Chief United States District Judge
U.S. Courthouse
100 State Street
Rochester, New York 14614

     Re:   *Hall, et al. v. Warren, et al.*
         21-cv-6296 (FPG)

Your Honor:

    I represent the named City of Rochester Defendants in the above-captioned action.  We are hereby requesting a stay of discovery pending the Court's decision as to all pending motions to dismiss. We contend that the City should not be engaged in historically onerous, overly broad and unnecessarily contentious discovery in this matter until there is clarity as to both the parties and the claims. Additionally, we assert that the Amended Complaint contains a litany of mischaracterized, misleading and irrelevant facts which frame any future discovery.  The parties undoubtedly require direction from the Court regarding the sufficiency of such facts.

    Furthermore, this case involves the same corpus of facts as several other cases filed by Mr. Shields. In fact, many of the same facts and claims are repeated and reiterated throughout all of the "protest" lawsuits recently filed in this Court. At least two of these cases involve Plaintiffs who are characterized as engaging in peaceful protests although they pled guilty to crimes surrounding the subject protests.  By motion Defendants are requesting the Court's scrutiny. Frivolous pleadings should not be a vehicle by which to beleaguer the City, County and New York State. [O]nly a complaint that states a plausible claim for relief under Rule 8 can "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678-679 (2009).

    Additionally, any alleged "delay" in this matter has resulted from Mr. Shields' effort to cure the obvious defects in the original Complaint.  It is our contention that he has similarly missed the mark in the Amended Complaint.  The Complaint references irrelevant facts going back several decades. Therefore, if discovery is predicated on the Amended Complaint, demands will relate to virtually all City records going back to at least the 1970s.  Such demands would not only be legally untenable, but wholly unjustified based on the infirmity of the Amended Complaint.

Finally, neither the Rule 26(f) conference nor the Rule 16(b) order can be effective where the feasibility of the complaint is in question.  Specifically, the scope of discovery, potential early resolution, joinder issues, scheduling depositions, affirmative defenses, etc… cannot be discussed while the operability of parties and claims remains undecided.

Therefore, City Defendants respectfully request that the Court deny Plaintiffs' request in its entirety.

Respectfully submitted,

_____/s/_____
Spencer L. Ash, Esq.

SA