UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY HALL, STANLEY MARTIN, NICHOLAS ROBERTSON, DEVORAH CHATMAN, REYNALDO DEGUZMAN, EMILY GOOD, WINONA MILLER, DYNASTY BUGGS, LORE MCSPADDEN-WALKER, EMILY MCINTYRE, FREE THE PEOPLE ROC, and NATIONAL LAWYERS GUILD ROCHESTER, INC., *on behalf of themselves and other people similarly situated*,<br><br>                              Plaintiffs,<br><br>     -against-<br><br>LOVELY ANN WARREN, LA'RON SINGLETARY, HENRY C. FAVOR, RAYMOND W. DEARCOP, RALPH MONTINARELLI, SAMUEL LUCYSHYN, RANDY POTUCK, WILLIAM BAKER, ALEXANDER ELMORE, JOHN CLINKHAMMER, DOMENIC BORRELLI, MATTHEW DRAKE, DAKOTA VANBREDERODE, ETHAN PASZKO, STEPHEN BOILY, TODD BAXTER, STEPHEN A. DELLASALA, THE CITY OF ROCHESTER, COUNTY OF MONROE, MONROE COUNTY SHERIFF'S OFFICE, "JOHN DOE" ROCHESTER POLICE DEPARTMENT OFFICERS 1-200 (the names and numbers of which are currently unknown), "RICHARD ROE" MONROE COUNTY SHERIFF'S DEPUTIES 1-200 (the names and numbers of which are currently unknown),<br><br>                              Defendants. | Case No. 21-cv-6296<br><br>**ANSWER TO AMENDED COMPLAINT ON BEHALF OF COUNTY DEFENDANTS WITH JURY DEMAND** |

Defendants Todd Baxter, County of Monroe, and Richard Roe Sheriff's Deputies (the "County Defendants")[1] answer plaintiffs' Amended Complaint as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs: 1-31, 33-34, 38-39, 44-71, 73-75, 82-92, 97, 99-101, 103, 109-111, 115, 118, 120-129, 133-137, 142-143, 148-151, 155-156, 165, 167, 170-175, 177-179, 181-183, 186-187, 189, 193-194, 197-199, 201-202, 204, 206-208, 211-216, 219-224, 226-232,

---

[1] Defendant Monroe County Sheriff's Office was dismissed from the action pursuant to the June 30, 2022 Decision and Order of the Court (Geraci, J.).

236-248, 261-390, 424-447, 449, 501-506, 508-522, 524-529, 531-535, 537-541, 543-550, 552-557, 559-563.

2. Deny as to the County Defendants and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs: 76-81, 93, 119, 138-142, 144, 152-154, 157-164, 176, 180, 184-185, 195-196, 200, 203, 205, 209, 217, 234-235, 453-461, 463-464, 468-473, 477-485, 487-488, 490-491.

3. Respond to paragraphs 392-405 by denying that said paragraphs set forth any allegations or claims against the County Defendants and otherwise knowledge or information sufficient to form a belief as to the truth of the allegations set forth in said paragraphs.

4. Respond to paragraph 417 of the complaint by denying that the First Plaintiff Class has made allegations or claims against the County Defendants and otherwise denying the rest of paragraph 417.

5. Deny the allegations set forth in paragraphs: 36-37, 40-43, 94-96, 98, 102, 104-108, 112-114, 116-117, 130-132, 146-147, 166, 169, 188, 191-192, 210, 218, 233, 249-260, 391, 406-422, 451, 465-466, 474-475, 486, 489, 493-496, 498-500.

6. Deny that the video linked shows any County Defendant and deny as to the County Defendants and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs: 151, 173, 181, 192, 204.

7. Admit the allegations set forth in paragraphs: 32, 35, 72, 145, 168, 190.

8. With respect to paragraph 225, admit that on October 13, 2020, Nicholas Wilt was arrested by a Monroe County Sheriff's Deputy on a bench warrant, deny the remaining allegations set forth therein, and aver that in a Decision and Order dated August 24, 2022, the Supreme Court, Monroe County (Ark, J.S.C.) dismissed a claim of false arrest and imprisonment by

Nicholas Wilt against the County Defendants, finding that it was without merit and belied by documentary evidence.

9. Respond to paragraphs 423, 433, 448, 450, 452, 467, 476, 492, 497, 501, 507, 517, 523, 530, 536, 542, 551, and 558 of the complaint as responded to elsewhere herein.

10. Any allegation set forth in the Complaint that is not addressed above is denied.

### 1st Affirmative Defense

1. The Complaint fails to state a cause of action upon which relief may be granted as against the County Defendants under either Federal or New York State law.

### 2nd Affirmative Defense

2. Plaintiffs' culpable conduct, contributory negligence, and/or assumption of risk caused the damages alleged in the Complaint.

### 3rd Affirmative Defense

3. If plaintiffs are entitled to recover damages, those damages should be diminished in the proportion that the culpable conduct attributable to the plaintiffs bears to the culpable conduct that caused the damages.

### 4th Affirmative Defense

4. Plaintiffs have failed to mitigate their damages.

### 5th Affirmative Defense

5. The damages alleged in the Complaint were caused by the culpable conduct and/or negligence of a third party, including but not limited to the City of Rochester and/or the Rochester Police Department, whose acts or omissions were not foreseeable by the County Defendants, and which constitute an intervening or superseding cause that precludes liability on the part of the County Defendants as a matter of law and/or requires a reduction of any damages awarded against the County Defendants.

### 6th Affirmative Defense

6. Any use of force by the County Defendants, including unnamed John Does, was objectively reasonable and justified under New York State and Federal Law.

### 7th Affirmative Defense

7. Any use of force did not rise to the level of a constitutional violation and/or was reasonable and necessary.

### 8th Affirmative Defense

8. The County Defendants, including any unnamed John Does, are entitled to good faith immunity and discretionary immunity from suit.

### 9th Affirmative Defense

9. The County Defendants, including any unnamed John Does, did not violate any clearly established right of which a reasonable officer would have known, and are therefore entitled to qualified immunity.

### 10th Affirmative Defense

10. Any conduct of the County Defendants, including any unnamed John Does, was justified in the circumstances, was privileged conduct in the performance of police function, was supported by probable cause, and was reasonably necessary to the performance of their duties and in accordance with requirements of law.

### 11th Affirmative Defense

11. The County Defendants did not authorize, condone, permit, or ratify any alleged improper or malicious conduct of the part of any person or adopt any policy condoning such conduct.

### 12th Affirmative Defense

12. Punitive damages are not available against Monroe County or the Monroe County Sheriff in his official capacity.

### 13th Affirmative Defense

13. The Amended Complaint fails to allege facts that any of the County Defendants acted maliciously, wantonly, or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow, and has therefore failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

### 14th Affirmative Defense

14. Monroe County and the Sheriff in his official capacity have governmental immunity from liability for the damages alleged in the Complaint.

### 15th Affirmative Defense

15. The doctrine of respondeat superior is unavailable under New York State law as a basis for imposing liability upon the County for the alleged tortious conduct of any other named defendant. A county is not liable for the acts of Sheriff or his deputies unless it has assumed such liability by local law, which Monroe County has not. *See* Code of Monroe County, Chapter 39.

### 16th Affirmative Defense

16. Any duty attributable to performing police functions, or to employ, train, or equip a law enforcement force or an individual law enforcement officer, is a duty to the general public and not a duty to any particular individual upon which liability may be premised unless a special duty is established. There was no special duty between any of the plaintiffs and any of the County Defendants.

### 17th Affirmative Defense

17. The doctrine of respondeat superior is unavailable under New York State law as a basis for imposing liability on the County or Sheriff for the alleged acts of Sheriff's deputies who were engaged in a criminal justice function.

### 18th Affirmative Defense

18. The doctrine of respondeat superior is unavailable under 42 U.S.C. §1983 as a basis for imposing liability on the County or Sheriff for the conduct of the Sheriff's deputies.

### 19th Affirmative Defense

19. Any recovery by plaintiffs is subject to reduction, after trial, for collateral source payments made or to be made for economic loss pursuant to CPLR §4545.

### 20th Affirmative Defense

20. In the event that the liability of the County Defendants are found to be 50% or less of the total liability assigned to all persons and entities liable, the liability of the County Defendants to the plaintiffs for her non-economic loss shall not exceed the County Defendants' equitable share determined in accordance with the relative culpability of each person and entity causing or contributing to the total liability for non-economic loss. If the plaintiffs recover a verdict against the County Defendants, the County Defendants are entitled to limited liability pursuant to Article 16 of the CPLR.

### 21st Affirmative Defense

21. That the injuries alleged in the Complaint were caused or occasioned solely, or in part, by the negligent, reckless, intentional, or otherwise wrongful conduct, including both acts and omissions, attributable to a third party, whose acts or omissions were not foreseeable by the County Defendants and constitute an intervening cause which precludes liability on the part of the County Defendants as a matter of law.

### 22nd Affirmative Defense

22. That punitive damages cannot be awarded against a municipality or any individuals whom a municipality is required to indemnify.

### 23rd Affirmative Defense

23. In the event the Complaint alleges the County Defendants undertook a special duty to the plaintiffs, the plaintiffs did not reasonably rely thereon and/or any such reliance was unreasonable or misplaced.

### 24th Affirmative Defense

24. If the damages for which the plaintiffs seek recovery were caused by the culpable conduct or negligence of any parties other than the plaintiffs or the County Defendants, they were caused by the culpable conduct and/or negligence of the defendants other than the County Defendants. If the plaintiffs recover a judgment against the County Defendants, then the County Defendants are entitled to contribution pursuant to Article 14 of the New York CPLR and state and federal law, from these other defendants, in the full amount of such judgment together with costs, disbursements, and attorneys' fees.

### 25th Affirmative Defense

25. If the damages for which the plaintiffs seek recovery were caused by the culpable conduct or negligence of any party other than the plaintiffs or the County Defendants, then they were caused by the culpable conduct and/or negligence of the defendants other than the County Defendants. If the plaintiffs recover a judgment against the County Defendants, then the County Defendants are entitled to indemnification implied by operation of law, from these other defendants, in the full amount of such judgment together with costs, disbursements, and attorneys' fees.

**THE COUNTY DEFENDANTS DEMAND A JURY TRIAL**

**WHEREFORE**, the County Defendants demand judgment dismissing the Amended Complaint, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  August 29, 2022  **JOHN P. BRINGEWATT,**
**MONROE COUNTY ATTORNEY**
*Attorney for the County Defendants*

_____
Maria E. Rodi, Senior Deputy County Attorney
307 County Office Building
39 West Main Street, Rochester, NY 14614
Telephone:  585.753.1495
E-Mail:  mariarodi@monroecounty.gov

To:  All Counsel of Record, *by ECF*