UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY HALL, STANLEY MARTIN, NICHOLAS
ROBERTSON, DEVORAH CHATMAN, REYNALDO
DEGUZMAN, EMILY GOOD, WINONA MILLER,
DYNASTY BUGGS, LORE MCSPADDEN-WALKER,
EMILY MCINTYRE, FREE THE PEOPLE ROC, and
NATIONAL LAWYERS GUILD ROCHESTER, INC., *on
behalf of themselves and other people similarly situation,*

Case No. 6:21-CV-6296 (FPG)

**CITY DEFENDANTS'
ANSWER TO AMENDED
COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs,

v.

LOVELY ANN WARREN, LA'RON SINGLETARY,
HENRY C. FAVOR, RAYMOND W. DEARCOP, RALPH
MONTINARELLI, SAMUEL LUCYSHYN, RANDY
POTUCK, WILLIAM BAKER, ALEXANDER ELMORE,
JOHN CLINKHAMMER, DOMENIC BORRELLI,
MATTHEW DRAKE, DAKOTA VANBREDERODE,
ETHAN PASZKO, "JOHN DOE" ROCHESTER POLICE
DEPARTMENT OFFICERS 1-200 (the names and numbers
of which are currently unknown), TODD BAXTER, THE
CITY OF ROCHESTER, COUNTY OF MONROE,
"RICHARD ROE" MONROE COUNTY SHERIFF'S
DEPUTIES 1-200 (the names and numbers of which are
currently unknown), STEPHEN A. DELLASALA, "SALLY
SUE" NEW YORK STATE POLICE OFFICERS 1-200 (the
names and numbers of which are currently unknown),

Defendants.

Defendants City of Rochester, Warren, Singletary, Favor, Dearcop, Montinarelli,
Lucyshyn, Potuck, Baker, Elmore, Clinkhammer, Borrelli, Drake, Vanbrederode and Paszko (City
Defendants), by their attorneys Linda S. Kingsley, Esq, and Spencer L. Ash, Esq, *of Counsel*,
Answer the Amended Complaint as follows:

1.     City defendants lack knowledge or information sufficient to form a belief regarding
the truth of the allegations in paragraphs  33, 37, 38, 39, 47, 49, 50,  52, 60, 64, 73, 87, 98, 101,
102 121, 122, 123, 134, 145, 151, 155, 157, 160, 162, 167, 168, 175, 178, 179, 184, 187, 189, 190,
194, 197, 198, 201, 202, 203, 206, 207, 208, 209, 211, 214, 225, 226, 246, 248, 249 250, 251, 252,
254, 255, 256, 257, 259, 260, 269, 271, 283, 287, 291, 300, 301, 302, 304, 306, 310, 319, 324,

331, 332, 333, 334,  339, 342, 344, 349, 350, 351, 355, 373, , 374, 375, 376, 378, 383, 385, 387, 510, 545, 554, 559, 560, 561, 562 and  563.

2.       City defendants admit paragraphs 35, 72, 253, 508, 524 and 552.

3.       City Defendants deny paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 46, 50, 55, 5658,59, 63, 65, 67 69, 76, 77, 78, 79, 80, 81, 84, 86, 89, 90, 91, 92, 93, 94, 95, 100, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 124, 125, 126, 1227, 128, 129, 131, 132, 134, 137, 138, 140, 142, 146, 147, 148, 150, 152, 153, 156, 161, 163, 164, 165, 166, 169, 172, 174, 177, 180, 181, 183, 185, 186, 191, 192, 199, 205, 210, 213, 218, 222, 228, 229, 230, 232, 233, 234, 235, 236, 237, 238, 239, 242, 242, 243, 244, 245, 248, 259, 261, 262, 263, 270, 272, 273, 275, 276, 277, 278, 279, 289, 281, 282, 294, 285, 288, 289, 290, 292, 293, 294, 295, 296, 297, 298, 299, 303, 305, 307, 308, 309, 312. 313, 314, 315, 216, 317, 318, 320, 321, 322323, 325, 327, 329, 335, 336, 340, 341, 343, 347, 348, 353, 354, 356, 357, 360, 361, 362, 363, 364, 365, 366, 368, 369, 370, 377, 379, 380, 382, 384, 386, 390, 392, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 426, 426, 428, 430, 432, 433, 434, 435, 436, 437-507, 509, 511-523, 525-542, 546-551, 553, and 555-556.

4.       City defendants deny paragraph #3 and direct the Court to Dr. LoFaso's dissertation for a complete and accurate recitation of its contents. See Exhibit A.

5.       City defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, except deny that Hall was subjected to excessive force.

6.       City defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, except deny that Martin was subjected to excessive force and admit that Martin is a City Council member.

7.       City defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, except deny that Robertson was subjected to excessive force.

8.       City defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, except deny that Chatman was falsely arrested, maliciously prosecuted or subjected to excessive force.

2

9.      City defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, except deny that Deguzman was subjected to excessive force or was "targeted" by police for recording the police or the protests.

10.     City defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, except deny that Good was subjected to excessive force or was "targeted" by police for recording the police or the protests.

11.     As to paragraph #17; Deny knowledge except deny that Miller violently arrested or subjected to excessive force

12.     As to paragraph #18; Deny knowledge or information except deny that Buggs was was violently arrested or subjected to excessive force.

13.     As to paragraph #19; Deny knowledge or information except deny that McSpadden was not subjected to excessive force.

14.     As to paragraph #20; Deny knowledge or information except that McIntyre was not subjected to excessive force.

15.     As to paragraph #21; Deny knowledge or information except deny that members of FTP ROC have been subjected to constitutional violations.

16.     As to paragraph #22; Deny knowledge or information except deny that members of FTP ROC have been subjected to constitutional violations.

17.     As to paragraph #23; Admit that Lovely Warren was Mayor of the City of Rochester and that Chief of Police is appointed by the Mayor. Deny the remaining allegations in the paragraph.

18.     As to paragraph #24; Admit that Singletary was Rochester Chief of Police from 2019 to 2020. Deny the remaining allegations in the paragraph.

19.     As to paragraph #25; Deny, except admit that plaintiff purports to proceed as stated herein.

20.     As to paragraph #26; Admit Favor was employed with the Rochester Police Department. Deny the remaining allegations in the paragraph.

21.     As to paragraph #27; Admit Dearcop was employed with the Rochester Police Department. Deny the remaining allegations in the paragraph.

22.     As to paragraph #28; Admit Montarelli was employed with the Rochester Police Department. Deny the remaining allegations in the paragraph.

23.     As to paragraph #29; Admit Lucyshyn was employed with the Rochester Police Department. Deny the remaining allegations in the paragraph.

24.     As to paragraph #30; Admit Potuck was employed with the Rochester Police Department. Deny the remaining allegations in the paragraph.

25.     As to paragraph #31; Admit Baler. Elmore, Borrelli, Drake, Vanbrederode, Paszko, Boily and Clickhammer or have been employed with the Rochester Police Department. Deny the remaining allegations in the paragraph.

26.     As to paragraph #32; Deny knowledge or information except that Baxter is the Monroe County Sheriff.

27.     As to paragraph #34; Deny except that the City of Rochester is a municipal corporation.

28.     As to paragraph #40; sets forth conclusions of law rather than averments of fact to which no response is required.

29.     As to paragraph #41; sets forth conclusions of law rather than averments of fact to which no response is required.

30.     As to paragraph #42; sets forth conclusions of law rather than averments of fact to which no response is required.

31.     As to paragraph #43 Deny except admit that Plaintiffs purport to proceed as stated herein.

32.     As to paragraph #44; Admit that it is the mission of the Rochester Police Department to protect and serve its citizens. police are tasked with protecting the City of Rochester. Deny all remaining allegations in the paragraph.

33.     As to paragraph #45; Admit that police effected a mental hygiene detention and that Daniel Prude died a week later. Deny the remaining allegations in the paragraph.

34.     As to paragraph #48; Deny. The Court is directed to the Final Report of the Citizen's Committee on Public Affairs. See Exhibit B.

35.     As to paragraph #51; Deny except deny knowledge or information concerning encounters with Jackson, Davila and Greene.

36.     As to paragraph #53; Deny except that Urlacher was convicted of embezzlement.

37.     As to paragraph #54; Admit Urlacher was convicted of conspiracy to commit embezzlement. Deny the remaining allegations in the paragraph.

38.     As to paragraph #57; Admit that the Civilian Review Board was created in 1992. Deny all remaining allegations in the paragraph.

39.     As to paragraph #61; Admit that the Lashedica Mason lawsuit was dismissed on the merits upon determination that there was no constitutional violation or other wrongdoing. *See Perkins v. City of Rochester, et al.*, 6:06-cv-06585-*DGL-MWP, WDNY.*

40.     As to paragraph 62; Deny except admit that New York and federal law permits police officers to use deadly force.

41.     As to paragraph #66; Admit Councilmember McFadden wrote a letter expressing his personal opinion Deny the remaining allegations in the paragraph.

42.     As to paragraph #68; Admit that the Police Accountability Board was formed in 2019. The Appellate Division Fourth Department held its disciplinary powers were invalid.  Deny all remaining allegations in the paragraph.

43.     As to paragraph #70; Deny. The Court is directed to the Celli Report for a complete and accurate recitation of its contents. Admit that the Celli Report contains advisory findings regarding the City's response to the Daniel Prude matter. Deny all remaining allegations in the paragraph.

44.     As to paragraph #71; Deny. The Court is referred to the Smith preliminary investigation for a complete and accurate recitation of its contents.

45.     As to paragraph #74; Admit that a protest began peacefully on May 30, 20202 but escalated with certain individuals destroying property and setting fire to police vehicles. Deny knowledge or information concerning the remaining allegations in the paragraph.

46.     As to paragraph #75; Deny except admit that at some point during the May 30, 2020 protest, a portion of Exchange Boulevard was closed to vehicle traffic to better ensure protestors would not be injured.

47.     As to paragraph #82; Admit that Daniel Prude was subject to a mental hygiene detention on March 23, 2020 and died one week later. As to paragraph # Deny all remaining allegations in the paragraph.

48.     As to paragraph #83; Admit that there were demonstrations within the City of Rochester following September 2, 2020.

49.     As to paragraph #85; Deny. The Court is referred to General Order 630 for a complete and accurate recitation of its contents.

50.     As to paragraph #88; Admit that protest occurred in the City of Rochester between September 2, 2020 and September 5, 2020. Deny remaining allegation.

51.     As to paragraph #97; Admit only that Singletary was Chief of Police Between September 2 and September 5, 2020.

52.     As to paragraph #99; Admit various RPD units were deployed during the protests from September 2 to September 5, 2020, including the Mobile Field Force, Grenadier Team and Tactical Unit.

53.     Deny as to paragraph #118; except admit RPD does not use dogs for crowd control.

54.     As to paragraph #119; Admit that state police were present in the event that protests grew disorderly or violent. Deny all remaining allegations in the paragraph.

55.     As to paragraph#120; Deny that Shani Wilson is the PAB Chair. Deny knowledge or information concerning her statements regarding the protests of September 2020.

56.     As to paragraph #130; Deny except deny knowledge or information as to any statement attributed to by Baxter.

57.     As to paragraph #133; Admit that on September 2, 2020 plaintiffs FTP ROC and Stanley Martin released body camera footage that the City of Rochester had previously disclosed to the Prude family. Deny all remaining allegations in the paragraphs.

58.     As to paragraph #135; Deny knowledge or information except admit that Warren and Singletary held a press conference on September 2, 2020.

59.     As to paragraph #136; Admit only that Martin was arrested when she attempted to force her way into a non-public are of the Public Safety Building after being told she could not enter.

60.     As to paragraph #139; Admit police erected protective barriers and closed the street to vehicle traffic in order to protect protestors from motor vehicles and to ensure that those gathered did not attempt to trespass within the Public Safety Building as plaintiff Martin did.

61.     As to paragraph #141; deny knowledge or information except deny that the forced used, if any, was in retaliation for protest activity or the recording thereof.

62.     As to paragraph #143; Admit protestors were assembled at the Public Safety Building. Deny all remaining allegations in the paragraph.

63.     As to paragraph #144; Admit that after the gathering was declared unlawful assembly, and those who refused to leave were physically dispersed from the area.  Deny all remaining allegations in the paragraph.

64.     As to paragraph #149; Admit that after the gathering was declared unlawful assembly, and those who refused to leave were physically dispersed from the area.  Deny all remaining allegations in the paragraph.

65.     As to paragraphs #158-159; Deny that Chatman was falsely arrested.  Deny knowledge or information concerning the remaining allegations in this paragraph.

66.     As to paragraph #170; Admit barricades were erected on a section of the Court Street Bridge. Deny all remaining allegations in the paragraph.

67.     As to paragraph #171; Deny except that police issued clear instructions for protestors to disperse after the gathering had become an unlawful assembly.

68.     As to paragraph #172 Demy except admit that the video shows some protestors choosing to disperse in response to police commands to disperse, and others remaining at the location in violation of police commands.

69.     As to paragraph #176; Admit that Edward Fitzgerald failed to disperse after dispersal orders were given by police. Deny all remaining allegations in the paragraph.

70.     As to paragraph #182 Deny except deny knowledge or information regarding the specific allegations concerning Emily Good being shot with or exposed to pepper balls.

71.     As to paragraph #193; Deny except deny knowledge or information as to the individuals' beliefs.

72.     As to paragraph #195; Admit that after the gathering was declared unlawful assembly, and those who refused to leave were physically dispersed from the area.  Deny all remaining allegations in the paragraph.

73.     As to paragraph #196; Admit Rachel Barnhart was struck by a pepper ball.  Deny all remaining allegations in the paragraph.

74.     As to paragraph #200; Admit Nicole Hushla Re was struck by a tear gas canister. Deny knowledge and information regarding the remaining allegations in the paragraph.

75.     As to paragraph # 204; Admit that the video clip show protestors refusing to disperse until police approached them. Deny knowledge or information concerning remaining allegations.

76.     As to paragraph #212 Deny knowledge or information except deny the conclusion that police use of force was unlawful.

77.     As to paragraph #215; Deny except that after the gathering was declared an unlawful assembly, those who refused to leave were physically dispersed from the area.

78.     As to paragraph #216; Deny except admit that after the gathering was declared unlawful assembly, and those who refused to leave were physically dispersed from the area.  Deny all remaining allegations in the paragraph.

79.     As to paragraph #217; Deny except admit that after the gathering was declared unlawful assembly, and those who refused to leave were physically dispersed from the area.  Deny all remaining allegations in the paragraph.

80.     As to paragraph #219 Deny the conclusion that RPD officers engaged in excessive force.

81.     As to paragraph #220; Admit that after the gathering was declared unlawful assembly, and those who refused to leave were physically dispersed from the area.  Deny all remaining allegations in the paragraph.

82.     As to paragraph #221; Admit Martin was arrested.  Deny all remaining allegations in the paragraph.

83.     As to paragraph #223; Admit Miller was issued an appearance ticket.  Deny all remaining allegations in the paragraph.

84.     As to paragraph #224; Deny the conclusion that officers engaged in excessive force or made illegal arrests.

85.     As to paragraph #227; Admit that several individuals refused to leave upon request and were physically removed from the Public Safety Building.

86.     As to paragraph #231 Deny the conclusion that any RPD officer engaged in excessive force or made illegal arrests.

87.     As to paragraph #236 Admit the quoted language appears on the City's website.

88.     As to paragraph #240; Admit that civil disorder training is meant to address civil disorders.

89.     As to paragraph #264 -#268; Deny all allegations. The Court is referred to LoFaso's dissertation for an accurate recitation of its contents and conclusions.

90.     As to paragraph #274; Deny all allegations. The Court is referred to LoFaso's dissertation for an accurate recitation of its contents and conclusions.

91.     As to paragraph #286; Admit Emily Good was arrested.  Deny all remaining allegations in the paragraph.

92.     As to paragraph #300; Deny the conclusion that Buggs was subject to false arrest or excessive force.

93.     As to paragraph #326; Deny knowledge or information regarding statement made by Evangelista.  Deny all remaining allegations in the paragraph.

94.     As to paragraph #328 Deny. The Court is directed to Dr. LoFaso's dissertation for a complete and accurate recitation of its contents and conclusions.

95.     As to paragraph #330; Deny knowledge or information except deny that RPD has a "culture of racist, violent policing" today.

96.     As to paragraph #337; Admit Sextone was terminated following the discovery of a memo entitled "Ghetto Lingo".  Deny all remaining allegations in the paragraph.

97.     As to paragraph #338; Deny except admit Sexton was again hired by RPD in 2007.

98.     As to paragraph #345; Admit Hartley was disciplined.  Deny all remaining allegations in the paragraph.

99.     As to paragraph #358; Deny. The Court is directed to the Celli Report for a complete and accurate recitation of its contents.

100.    As to paragraph #359; Deny. The Court is directed to the Celli Report for a complete and accurate recitation of its contents.

101.    As to paragraph #360; Deny. The Court is referred to General Order 630 for a complete and accurate recitation of its contents.

102.    As to paragraph #367; Deny except that Baker was disciplined following an internal investigation.

103.    As to paragraph #371; Admit that the girl was detained by the RPD. Deny all remaining allegations in the paragraph.

104.    As to paragraph #372; Deny except admit that the girl was pepper sprayed.

105.    As to paragraph #382; Deny except admit that Drake has been investigated and disciplined in the past.

106.    As to paragraph #388; Admit RPD bans the use of chokeholds. Deny knowledge or information concerning remaining allegations in the paragraph.

107.    As to paragraph #389; Admit Rochester Police Officers are trained on their duty to intervene during police encounters. Deny all remaining allegations in the paragraph.

108.    As to paragraph #393; Admit that plaintiffs purport to proceed as stated herein.

109.    As to paragraph #407; Deny except admit that plaintiffs purport to proceed as stated herein.

110.    As to paragraph #425; Deny. The court is directed to Dr. LoFaso's dissertation for a complete and accurate recitation of its contents and conclusions

111.    As to paragraph #426; Deny. The court is directed to Dr. LoFaso's dissertation for a complete and accurate recitation of its contents and conclusions

112.    As to paragraph #429; Admit except deny the allegations that people of color have been subjected to "racially motivated action by Defendants".

113.    City Defendants deny each and every other allegation set forth in the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

113.   Any arrests or prosecutions of any plaintiffs alleged in the First Amended Complaint were at all times supported by probable cause.

### SECOND AFFIRMATIVE DEFENSE

114.   The acts or omissions of the individual City Defendants and of any Rochester Police Officers, were not the proximate cause of any of the injuries about which plaintiffs complain.

### THIRD AFFIRMATIVE DEFENSE

115.   The plaintiffs' injuries and damages alleged in the First Amended Complaint were caused by third parties, not by the City of Rochester or any agent or employee thereof.

### FOURTH AFFIRMATIVE DEFENSE

116.   Any force allegedly used by City Defendants did not rise to the level of a constitutional violation and was reasonable and necessary under the circumstances.

### FIFTH AFFIRMATIVE DEFENSE

117.   City Defendants did not violate any clearly established federal right of which a reasonable officer would have known, and are therefore entitled to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

118.   Any claims for supervisory liability against Warren, Singletary, Favor, Dearcop, Montinarelli, Lucyshyn, or Potuck fail as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

119.   Plaintiffs fail to establish that any City Defendant was a policymaker for any policy material to the issues in this suit.

11

## EIGHTH AFFIRMATIVE DEFENSE

120.   With regard to plaintiff's class allegations, individual factual issues predominate concerning the nature and degree of class members' resistance to arrest or failure to comply with lawful orders; the amount of force used by any individual defendant or agent of the City of Rochester against any particular class member; the reasonableness of the force used by any individual defendant or agent of the City of Rochester; and whether the law was clearly established for purposes of qualified immunity in the specific context of any particular interaction between an RPD Officer and a particular class member.

## NINTH AFFIRMATIVE DEFENSE

121.   Plaintiffs' class allegations of disproportionate treatment of individuals on the basis of race do not allege a policy or practice of intentional discrimination and fail to set forth a Fourteenth Amendment Equal Protection claim.

## TENTH AFFIRMATIVE DEFENSE

122.  Plaintiffs' Equal Protection claims fail because they do not establish any intentional discrimination.

## ELEVENTH AFFIRMATIVE DEFENSE

123. None of the acts of any City Defendant were taken in consideration of or as a result of any plaintiff's exercise of their First Amendment or other Constitutional rights.

## TWELFTH AFFIRMATIVE DEFENSE

124.  Plaintiffs Free The People ROC and National Lawyers Guild, Inc. lack standing to maintain the claims brought in this suit.

## THIRTEENTH AFFIRMATIVE DEFENSE

125.  Due to changes in the RPD's protest policies since the events alleged in

the instant suit, plaintiffs' claims for declarative and injunctive relief are moot.

**FOURTEENTH AFFIRMATIVE DEFENSE**

126.  Punitive damages are not available against the City of Rochester.


**WHEREFORE**, Defendants demand judgment dismissing the Complaint, together with the costs and disbursements of this action, and such other and further relief as may be just and proper.


Dated: September 30, 2022                    LINDA S. KINGSLEY, Corporation Counsel

                                             By:
                                             s/Spencer Ash
                                             Spencer L. Ash, Esq.
                                             City of Rochester
                                             City Hall – Room 400A
                                             30 Church Street
                                             Rochester, NY 14614
                                             (585) 428-6699

To:     All Counsel of Record, via ECF