**The Law Office of Joshua Moskovitz** P.C.

392 Central Ave. #7803  
Jersey City, NJ 07307

14 Wall St., Suite 1603  
New York, NY 10005

Tel. (212) 380-7040  
Josh@MoskovitzLaw.com

October 24 2024

**BY ECF**

Hon. Mark W. Pedersen  
United States Magistrate Judge  
Western District of New York  
100 State Street  
Rochester, New York 14614

Re:  *Hall* et al. *v. Warren* et al., No. 21-cv-6296 (FPG) (MJP)

Your Honor,

I write on behalf of the Plaintiffs pursuant to Paragraph 7 of the Amended Scheduling Order (Dkt. 146), which directed Plaintiffs to propose a briefing schedule for their anticipated class certification motion or describe the "additional discovery" they need to move for class certification. If Plaintiffs need additional discovery to move for class certification, "they must provide a date by which they expect to complete that discovery and a date by which they will provide a proposed briefing schedule for their class certification motion" (Dkt. 146 ¶ 7).

As the Court knows, this case was referred to mediation in December 2022 and stayed during that process. Plaintiffs and the City spent nearly a year-and-a-half in mediation before resuming litigation. As a result, discovery in this complex litigation is still in its early stages.

To date, the parties have served initial disclosures; Plaintiffs have served their first set of discovery requests; and the County Defendants and Trooper Dellasalla have served their first set of discovery requests. The parties that have served discovery requests have consented to reciprocal 30-day extensions for responses. At the time of this letter, the deadline for those responses remains several weeks away.

The issues of an ESI protocol and the joint-representation conflict need to be resolved to make further progress in this case. As the Court knows, the parties have been unable to reach agreement on an ESI protocol despite their diligent efforts (*see* Dkt. 143, 149, 157). The parties requested a conference to resolve the ESI protocol (Dkt. 160) and the Court scheduled a conference on that issue for October 30, 2024 (Dkt. 161). Plaintiffs have also raised serious concerns about the continued joint representation of the City and former City officials (Dkt. 159). It is our understanding that the Court intends to address those issues at the October 30 conference as well.

THE LAW OFFICE OF
JOSHUA MOSKOVITZ P.C.

Hon. Mark W. Pedersen
October 24, 2024
Page 2

    Given this context, Plaintiffs cannot yet propose a briefing schedule for their anticipated class certification motion. Attempting to provide a description of the "additional discovery" that they need to move for class certification would also be an impossible task given that Plaintiffs have yet to receive responses to any of their initial discovery requests, which include not only requests for production but also relevant interrogatories and requests to inspect. Plaintiffs can say that they anticipate an important pillar in their class certification motion will be data and other ESI they have requested from the City and the County. Plaintiffs are presently working to retain appropriate experts to analyze this data so that they can move expeditiously once the ESI protocol is set and the parties have begun exchanging discovery responses in earnest.

    Accordingly, Plaintiffs request the Court adjourn the deadline in Paragraph 7 of the Amended Scheduling Order to January 24, 2025.

    We appreciate Your Honor's time and attention to this matter.

Sincerely,

Joshua S. Moskovitz

cc:    All Counsel of Record