UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

ANTHONY HALL, et al.,

                         Plaintiffs,

v.

LOVELY ANN WARREN, et al.,

                         Defendants.

Case # 21-CV-6296-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiffs Anthony Hall, Stanley Martin, Nicholas Robertson, Devorah Chatman, Reynaldo Deguzman, Emily Good, Winona Miller, Dynasty Buggs, Lore McSpadden-Walker, Emily McIntyre, Free the People Roc, and the National Lawyers Guild Rochester, Inc. bring this civil rights action on behalf of themselves and others similarly situated against Defendants Lovely Ann Warren, La'Ron Singletary, Henry C. Favor, Raymond W. Dearcop, Ralph Montinarelli, Samuel Lucyshyn, Randy Potuck, William Baker, Alexander Elmore, John Clinkhammer, Domenic Borrelli, Matthew Drake, Dakota Vanbrederode, Ethan Paszko, Stephen Boily, Todd Baxter, Stephen A. Dellasala, the City of Rochester, the County of Monroe, "John Doe" Rochester Police Department Officers 1-200, and "Richard Roe" Monroe County Sheriff's Deputies 1-200. ECF No. 1.

The parties to this action have been attempting to develop an Electronically Stored Information ("ESI") protocol for discovery. On February 24, 2025, Magistrate Judge Mark W. Pedersen issued a Protocol and Order Governing Discovery (the "ESI Order") establishing such a protocol. ECF No. 197. Defendants Warren, Singletary, Favor, Dearcop, Montinarelli, Lucyshyn, Potuck, Baker, Elmore, Clinkhammer, Borelli, Drake, VanBrederode, Paszko, and the City of

Rochester (collectively the "City Defendants") object to the ESI Order. ECF No. 206. For the reasons that follow, the City Defendant's objections are OVERRULED, and Judge Pedersen's ESI Order (ECF No. 197) is AFFIRMED.

## BACKGROUND

Plaintiffs brought the instant putative class action on April 5, 2021. ECF No. 1. They amended their complaint on August 31, 2021, proposing two separate classes for this action. ECF No. 47. The first proposed class consists of those who allege they "were harmed as a result of the policies, practices, customs, and deliberate indifference of the City of Rochester that encouraged the use of more frequent and greater levels of force against people of color because of their race." ECF No. 210 at 7. They also allege that their claims arise out of the City of Rochester's "deliberate indifference and failure to discipline officers who use excessive force." *Id.* The second proposed class consists of those who allege they "were subjected to excessive force by law enforcement officials in the City of Rochester during the George Floyd and Daniel Prude protests that occurred between May 30, 2020 and April 6, 2021 as a result of the same policies, practices, customs, and deliberate indifference of Defendants." *Id.* at 7–8. Additionally, Plaintiffs have alleged various individual claims based on specific encounters with law enforcement. *Id.* at 8.

At issue now is the ESI Order issued by Judge Pedersen on February 24, 2025. ECF No. 197. While Plaintiffs and the City Defendants tried to develop an ESI protocol they could both agree to, they were unable to do so, prompting Plaintiffs to file a Motion to Compel the Production of Metadata and to Enter Plaintiffs' ESI Protocol. ECF No. 174. The City Defendants opposed the motion. ECF No. 184. On February 11, 2025, Judge Pedersen held a hearing on the motion. ECF No. 208. At the hearing, Judge Pedersen directed the parties to meet with their experts and develop a joint proposed ESI protocol. *Id.* at 66. However, if after conferring about the protocol, the parties

were still unable to agree, Judge Pedersen directed them to submit proposed protocols to the court. *Id.* He told them if they submitted proposed protocols, he would review the proposed protocols and pick and choose the items to put in the ESI protocol, which would become the ESI order for this action. *Id.*

The parties were unable to agree on an ESI protocol, and they both submitted proposed protocols to the court. ECF Nos. 174-3, 195, 196. Judge Pedersen then issued the ESI Order based on the parties' proposed orders. ECF No. 197. The City Defendants timely filed objections to the ESI Order. ECF No. 206. As discussed below, they argue that the ESI Order must be vacated in its entirety as it suffers from several errors. *Id.*

## LEGAL STANDARD

A "party seeking to reverse a Magistrate Judge's ruling concerning discovery bears a heavy burden, in part, because the Magistrate Judge is afforded broad discretion in these matters." *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) (citation omitted). To reverse a Magistrate Judge's order on a non-dispositive motion, it must be shown that the order is "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

An order is "clearly erroneous" only when the Court, after reviewing "the entire evidence," "is left with the definite and firm conviction that a mistake has been committed." *Toole v. Toshin Co.*, No. 00-CV-821S, 2004 WL 1737207, at *1 (W.D.N.Y. July 29, 2004) (citation omitted). An order is "contrary to law" when "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

3

## DISCUSSION

The City Defendants argue that the ESI Order must be vacated because it ordered "the wholesale adoption of plaintiff's [sic] proposed ESI Order without decision or explanation even though the protocol suffers from" several errors. ECF No. 206 at 2. First, the City Defendants argue that the order's mandatory global production of metadata for any and all ESI responses contravenes Local Rule 26(e)(4) because (1) Plaintiffs have not shown good cause to require such production; (2) Plaintiffs have not provided any search terms or reasonable restrictions upon the searches; (3) the court failed to consider the value being outweighed by the costs and burden of production; and (4) the court failed to consider the burden of compliance. *Id.* at 2–3. Second, they argue that the court failed to consider the extraordinary cost of compliance but ordered the City Defendants to bear those costs in violation of Local Rule 26(e)(6). *Id.* at 3. Third, they argue that the court failed to consider the City Defendants' technical inability to comply with the order. *Id.* Fourth, they argue that the court ordered production compliant with Plaintiffs' ESI program, which is not required by the rules or case law nor owned by the City Defendants. *Id.* Finally, they argue that the court failed to consider the financial and/or labor undue burdens related to compliance with production in native format on a global versus specific need basis. *Id.*[1] The Court discusses each in turn.

---

[1] The City Defendants also take issue with the wording of the ESI Order. *See* ECF No. 213 at 5–8. Some of these arguments raise substantive issues that will be addressed below. However, the other arguments are essentially a disagreement with Judge Pedersen's characterization of the case, discovery process, and the parties' communications about it as well as his use of technical terms with which the City Defendants are unfamiliar. *See id.* As such, those arguments raise no substantive issues for the Court to analyze, and the Court will not discuss them further.

The City Defendants also argue that the order is clearly erroneous or contrary to law because the court failed to provide any rationale for its decision and failed to consider "any aspect of the proposal submitted by the City, including aspects agreed upon by plaintiffs' counsel." ECF No. 206 at 6. The City Defendants cite to no authority that requires Judge Pedersen to explain his rationale and thus, the Court rejects that argument. As for the failure to include aspects agreed-to by Plaintiffs' counsel, the City Defendants do not identify these aspects. Absent such identification, the Court cannot conclude that Judge Pedersen's failure to incorporate them was clearly erroneous or contrary to law.

I.  **Local Rule 26(e)(4)**

The City Defendants first argue that the ESI Order violates Local Rule of Civil Procedure 26(e)(4). Local Rule of Civil Procedure 26(e)(4) states, "[e]xcept as otherwise provided, metadata, especially substantive metadata, need not be routinely produced, except upon agreement of the requesting and producing litigants, or upon a showing of good cause in a motion filed by the requesting party." Thus, while a party is generally not required to produce metadata as part of discovery, if the opposing party files a motion demonstrating that there is good cause to produce certain metadata, the Court can require its production. The City Defendants raise four arguments as to why the ESI Order's requirements regarding the production of metadata violate Local Rule 24(e)(4). The Court discusses each below.

   a.  **Good Cause**

The City Defendants first argue that Judge Pedersen's order contravenes Local Rule 26(e)(4) because Plaintiffs have not shown good cause to require the production of metadata. ECF No. 213 at 21. They argue that Judge Pedersen "accepted [Plaintiffs'] relevance argument rather than requiring a showing of good cause." *Id.* The City Defendants maintain that Plaintiffs' have not shown why the metadata "bears directly" on their claims. *Id.* They also maintain that the videos produced in discovery and the text of the documents produced in discovery will contain the information that Plaintiffs seek to gather from the metadata. *Id.* at 22. They further argue that convenience is not relevant for determining whether there is good cause. ECF No. 206 at 2.

As required by Local Rule 26(e)(4), Plaintiffs made a motion to the court to compel the production of metadata and to enter Plaintiffs' ESI protocol, arguing that there is good cause to require the production of metadata in this case. ECF No. 174. Plaintiffs argue that workflow history and metadata from the use of force reports, civilian complaints, and internal investigation files are

5

critical to their claims of excessive force and failure to supervise and discipline. ECF No. 210 at 19. In their initial motion to compel, ECF No. 174-1, they argued that absent the metadata "Plaintiffs would be unable to ascertain whether changes were made to the reports, which supervisors reviewed and approved the changes, and whether the reports accurately described the incidents captured in the BWC [Body Worn Camera] video footage." ECF No. 174-1 at 18. They concluded that "the metadata in the City Defendants' internal files and the BWC video footage will contain information that will assist Plaintiffs in reconstructing the excessive use of force events and any follow-up investigation or disciplinary action, details of which may have been forgotten by witnesses." *Id.* at 19. They also argued that without the metadata, Defendants' production of the electronic documents will not be "reasonably usable" as required by Federal Rule of Civil Procedure 34. ECF No. 210 at 20. At the hearing on February 11, 2025, Judge Pedersen found that Plaintiffs had demonstrated good cause to require the production of metadata, and the ESI Order reflects that finding. ECF No. 208 at 66; ECF No. 197.

When determining if a requesting party has shown good cause, the Court considers three factors:

> whether (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Black Love Resists In the Rust by & through Soto v. City of Buffalo*, 334 F.R.D. 23, 29 (W.D.N.Y. 2019) (quoting *Capitol Records, Inc. v. MP3tunes, LLC*, 261 F.R.D. 44, 51 (S.D.N.Y. 2009)).

Here, Plaintiffs have explained that the information they seek cannot be obtained from sources like the text of the requested documents because they seek to verify that the text of the

documents accurately reflects what happened and accurately conveys if there were any revisions. *See* ECF No. 174-1 at 18–19; ECF No. 210 at 19. Further, they have explained that the metadata is relevant to their claims because they need to accurately reconstruct the excessive force events and any follow-up investigation or disciplinary process relating to those events to bring their claims for excessive force and failure to discipline. *See* ECF No. 174-1 at 19. As for the burden factor, the Court will discuss it in more depth below, but ultimately it concludes that the City Defendants' arguments related to burden fail to demonstrate that Judge Pedersen's order was clearly erroneous or contrary to law. As such, this Court believes that Plaintiffs have shown good cause to require the production of metadata and thus, Judge Pedersen's conclusion that Plaintiffs have shown good cause is not clearly erroneous or contrary to law.

    b.  **Search Terms**

Second, the City Defendants argue that Judge Pedersen erred by ordering the "the use of Plaintiffs' overly broad and all-encompassing requirement for native production of all ESI and all metadata for any and all responsive information with no parameters or reasonable limitations whatsoever." ECF No. 213 at 15. They argue that absent search terms or other reasonable restrictions upon the searches, Plaintiffs cannot demonstrate a particularized need as required by Local Rule 26(e)(4). *Id.* While the language of Local Rule 26(e)(4) makes no mention of a "particularized need," they argue that in previous cases, courts in this district have declined to require universal production of metadata absent a particularized need. *Id.*

Even if the Court were to assume that the City Defendants are correct that Plaintiffs must establish a particularized need for metadata under Local Rule 26(e)(4), this argument fails. The Court disagrees with the City Defendants that Plaintiffs must identify search terms or reasonable restrictions upon searches to demonstrate a particularized need. Again, Plaintiffs have explained

7

that they seek to verify that the text of the requested documents accurately reflects what happen and accurately conveys if there were any revisions. *See* ECF No. 174-1 at 18–19; No. 210 at 19. Further, they have explained that they need the metadata to accurately reconstruct the excessive force events and any follow-up investigation or disciplinary process relating to those events. ECF No. 174-1 at 19. Thus, the Court believes that Plaintiffs have identified a particularized need for the metadata at issue absent the identification of search terms and/or other parameters. Consequently, the Court rejects this argument.[2]

### c. Value/Burden

Third, the City Defendants argue that Judge Pedersen "failed to consider the value being outweighed by the costs and burden of production." ECF No. 206 at 3. The City Defendants argue that complying with Judge Pedersen's order is burdensome for a variety of reasons. *See generally* ECF Nos. 206, 213. They raised these same arguments in their response to Plaintiffs' motion to compel. *See generally* ECF No. 184. They proffer no evidence that Judge Pedersen "failed to consider" these arguments other than his order requiring the production of metadata. *See* ECF Nos. 206, 213. However, Judge Pedersen's ESI Order rejecting these arguments does not, by itself, indicate that he "failed to consider" them.

Additionally, the ESI Order states that "[i]f the forms of production allowed by this Protocol present an undue burden or cost for a Producing Entity, the Parties shall meet and confer to try to agree on a reasonable, alternative form of production." ECF No. 197 ¶ 26. Thus, the ESI Order suggests that Judge Pedersen did contemplate that there may be circumstances in which the burden of production would outweigh the value and provided a mechanism by which the City

---

[2] The City Defendants also argue that Plaintiffs' failure to provide search terms prior to establishing an ESI protocol violates Local Rule 26(e)(3). ECF No. 213 at 12. While Local Rule 26(e)(3) provides that the parties should attempt to reach an agreement on searches and terms, there is no requirement that this be done prior to developing an ESI protocol. Therefore, the Court also rejects this argument.

Defendants can seek an alternative form of production, if production is too burdensome. Therefore, the Court concludes that there is no merit to the argument that Judge Pedersen "failed to consider the value being outweighed by the costs and burden of production." ECF No. 206 at 3.

### d. Burden of Compliance

Fourth, the City Defendants argue that Judge Pedersen "failed to consider the burden of the City of compliance, particularly here where the plaintiffs failed to provide search terms, time limitations, or specifically identified e-mail hosts or addresses." ECF No. 206 at 3. Again, they raised this same argument in their response to Plaintiffs' motion to compel. *See generally* ECF No. 184. They proffer no evidence that Judge Pedersen "failed to consider" this argument other than his order granting the production of metadata. *See* ECF Nos. 206, 213. As discussed above, Judge Pedersen's decision to reject their argument does not mean that Judge Pedersen failed to consider their argument, especially in light of the language in the ESI Order providing that the parties will meet and confer to agree on a reasonable alternative if the protocol in the order creates an undue burden. *See* ECF No. 197 ¶ 26. Therefore, there is no merit to the argument that Judge Pedersen "failed to consider" the burden of compliance.

## II. Cost of Compliance

Next, the City Defendants argue that "the Court failed to consider the extraordinary cost to the City of compliance, yet ordered the City to bear those costs." ECF No. 206 at 2. They acknowledge that Local Rule 26(e)(6) provides that "upon a showing of good cause, or unequal burdens" the Court may apportion costs of discovery. ECF No. 213 at 12. However, they argue that the ESI Order mistakenly adopts Plaintiffs' language indicating that the City Defendants agreed to and would bear the costs of production when there was no such agreement between the parties. *Id.* They further argue that the order erroneously deprived the City Defendants of the

9

opportunity to seek redistribution of the substantial costs which the protocol ordered and necessarily foists upon the City in contravention of the Local Rules. *Id.* at 13.

The Court rejects this argument. As the City Defendants acknowledged, Local Rule 26(e)(6), allows the Court to "apportion the costs of discovery or presentation of ESI, including discovery of ESI that is not reasonably accessible, upon a showing of good cause, or unequal burdens, or unreasonable request." Thus, the language of Local Rule 26(e)(6) allows the court to apportion ESI discovery costs in limited circumstances, even absent an agreement between the parties. Further, contrary to the City Defendants' contention that the costs have been foisted on them, the ESI Order only states that "[g]iven the significant resource disparity between Plaintiffs and the Defendants, the Parties agree that Defendants will bear the costs of producing ESI from larger, more complex systems (e.g., IAPro, LERMS, body-worn camera footage) if Plaintiffs can demonstrate that such production would otherwise be unduly burdensome." ECF No. 197 ¶ 27. Therefore, the costs of ESI discovery are not being foisted on the City Defendants, the order simply allows Plaintiffs to seek apportionment if they can demonstrate such production would be unduly burdensome.

While the City Defendants may disagree that there is a resource disparity and deny agreeing to the apportionment, nothing in the relevant paragraph of the ESI Order contravenes the Local Rules because the Local Rules allow the court to apportion the costs in such a manner. Additionally, there is no evidence that Judge Pedersen "failed to consider the extraordinary cost." ECF No. 206 at 2. Once again, the City Defendants raised these same arguments in their response to Plaintiffs' motion to compel as well as at the hearing on February 11, 2025. *See generally* ECF Nos. 184, 208. They proffer no evidence that Judge Pedersen "failed to consider" these arguments other than his decision allowing for the apportionment of such costs. Judge Pedersen's decision to

reject their argument does not mean that Judge Pedersen failed to consider their argument. As such, the Court concludes there is no merit to this argument.

### III. Technical Inability

The City Defendants also claim that Judge Pedersen "failed to consider" that they are technically unable to comply with the ESI Order. ECF No. 213 at 28. Specifically, the City Defendants claim that they do not have the technical ability to Bates stamp or redact items produced in native format. ECF No. 206 at 3. They do have the capability of Bates stamping and redacting PDF produced documents. *Id.*

The Court also rejects this argument. Again, the only evidence the City Defendants provide that Judge Pedersen "failed to consider" their technical inability is the ESI Order. The technical inability argument was raised in front of Judge Pedersen and his rejection of it in the ESI Order does not, by itself, indicate that he "failed to consider" it. Further, the ESI Order does not require Bates stamping of native files. *See* ECF No. 197 ¶¶ 10(b), 15, 16. As for redactions, while the ESI Order calls for redactions of native files, it also explains that if files produced in native format require "redaction, the Parties may discuss producing redacted versions in PDF format as an alternative." *Id.* ¶ 9. Thus, the City Defendants technical inability to Bates stamp or redact items produced in native format does not make them unable to comply with the ESI Order. However, even if it did, the ESI Order is not inflexible and allows the parties to discuss alternatives if a form of production is unduly burdensome. ECF No. 197 ¶ 26. Consequently, the Court concludes there is no merit to this argument.

### IV. Compatibility with Relativity

Next, the City Defendants argue that Judge Pedersen erred by ordering that production be compatible with Plaintiffs' ESI program, Relativity. ECF No. 206 at 3. They argue that the

compatibility requirement was solely for the convenience of Plaintiffs and is not required by the Local Rules or case law. *Id.* They also suggest that it would be burdensome for the City Defendants to have to produce discovery that is compatible with Relativity because the City Defendants do not have access to Relativity. ECF No. 213 at 27.

The ESI Order only mentions Relativity once. It states that for documents from hard copy sources, the parties "will provide a standardized load file compatible with Relativity and with a Bates number field included in the load file to match text and metadata with PDF or TIFF images." ECF No. 197 ¶ 6. The City Defendants argue that the rules and case law do not require compatibility with Relativity. ECF No. 206 at 3. Nevertheless, they fail to cite any rules or case law that prevent Judge Pedersen from requiring compatibility with Relativity in the ESI Order. Consequently, this Court cannot conclude that requiring compatibility with Relativity was clearly erroneous or contrary to law, especially given the very limited context in which compatibility with Relativity is required.

Furthermore, the ESI Order is not inflexible. It states that "[i]f the forms of production allowed by this Protocol present an undue burden or cost for a Producing Entity, the Parties shall meet and confer to try to agree on a reasonable, alternative form of production." ECF No. 197 ¶ 26. Thus, if compatibility with Relativity is an undue burden, then the ESI Order provides a mechanism by which the City Defendants can seek an alternative form of production. Therefore, the Court concludes there is no merit to the City Defendants' arguments related to compatibility with Relativity.

V. **Compliance with Native Format**

Finally, the City Defendants argue that Judge Pedersen failed to consider the financial and/or labor undue burdens resulting from compliance with production in native format on a global

versus specific need basis. ECF No. 206 at 3. Once again, the only evidence the City Defendants provide that Judge Pedersen "failed to consider" this burden is the ESI Order rejecting this argument. As discussed above, Judge Pedersen's decision to reject their argument does not mean that Judge Pedersen failed to consider it, especially in light of the ESI Order's language providing that the parties will meet and confer to agree on a reasonable alternative, if the protocol creates an undue burden. *See* ECF No. 197 ¶ 26.

The City Defendants also argue that the ESI Order violates Local Rule 26(e)(5) because the order "provides for global mandatory production in native form absent any showing of particularized need." ECF No. 213 at 12. As the ESI Order does not require global mandatory production in native form absent a particularized need, the Court also rejects this argument.[3] Local Rule 26(e)(5) states

> If the parties have not agreed or cannot agree to the format for document production, ESI shall be produced to the requesting party as image files (*i.e.* PDF or TIFF). When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, *i.e.*, the original formatting of the document, its metadata and, where applicable, its revision history. After initial production in image file format is complete, a party must demonstrate particularized need for production of ESI in its native format.

The ESI Order states that "[a]fter initial production in image file format is complete, a Party must demonstrate particularized need for production of ESI in its native format." ECF No. 197 ¶ 8. The order goes on to explain that to

> ensure that **complex file types are properly understood**, spreadsheets (e.g., Excel), presentations (e.g., PowerPoint), and other documents that do not convert well to PDF or TIFF **should be produced in their native format if there is a particularized need**. In this case, such needs may arise when formulas,

---

[3] To the extent that native production is required to comply with the order's requirements related to metadata, the Court has already explained that Plaintiffs have identified a particularized need for that information. Therefore, any native production resulting from the requirement to produce metadata does not violate Local Rule 26(e)(5). To the extent that the order requires that emails be produced in native format without identifying a particularized need, the parties agreed to produce emails in native format at a hearing held on October 30, 2024. *See* ECF No. 210-2 at 61. Therefore, the Court concludes that requiring email production in native format without identifying a particularized need is not contrary to Local Rule 26(e)(5).

**dynamic elements, or specific functionalities cannot be retained in a PDF or TIFF format**. Native production will be determined on a case-by-case basis. For documents requiring redaction, **the Parties may discuss producing redacted versions in PDF format as an alternative.**

*Id.* ¶ 9. Thus, the ESI Order does not call for global mandatory production in native format, as it specifically states that native production will be considered on a case-by-case basis. The ESI Order's language also mirrors the language of Local Rule 26(e)(5) by requiring a particularized showing for native production after initial production. As such, the Court concludes that there is no merit to the City Defendants' arguments that the ESI Order violates Local Rule 26(e)(5).

## CONCLUSION

For the foregoing reasons, the City Defendants' objections are OVERRULED, and Judge Pedersen's ESI Order (ECF No. 197) is AFFIRMED.

IT IS SO ORDERED.

Dated: May 14, 2025
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York