UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY HALL, *et al.*,

                            Plaintiffs,

-against-

LOVELY ANN WARREN, *et al.*,

                            Defendants.

**FOURTH AMENDED SCHEDULING ORDER**

No. 21-cv-6296 (FPG)

---

Pursuant to a joint request by the parties to extend deadlines in the existing scheduling order (ECF No. 229), and good cause having been shown, the Court **ORDERS**:

1. Mediation.

   - The parties have completed preliminary mandatory mediation in accordance with Section 2.1A of the Plan for Alternative Dispute Resolution ("ADR").

   - The deadline for the parties to file a letter with the Court regarding whether they consent to go back to mediation has passed.

2. The deadline for Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) has passed.

3. The deadline for all motions or stipulations to join other parties and to amend or supplement the pleadings has passed.

4. Motion to compel shall be filed by, and fact discovery, including all class discovery, shall be completed by no later than **February 3, 2026.**

5. To ensure that discovery progresses expeditiously, beginning on September 24, 2024 and every 60 days thereafter, the parties will submit to the Court a joint status report on the

progress of discovery. If any party believes that a discovery conference with the Court will be helpful to assist the parties in completing discovery within the deadlines provided in this Order, the parties shall include that request in their joint status report.

6. A **status conference** was held with the undersigned at 2310 U.S. Courthouse, Rochester, New York on February 11, 2025, to discuss the status of discovery, whether the parties anticipate going back to mediation, and the possibility of settlement.

7. Plaintiffs shall file their anticipated class certification motion on or before **April 30, 2026**. Defendants shall file any opposition by **June 5, 2026**. Plaintiffs shall file any reply by **July 7, 2026**

8. Any affirmative experts shall be identified and provide reports pursuant to Rule 26 no later than **March 1, 2026**, and any rebuttal experts shall be identified and provide reports pursuant to Rule 26 by no later than **May 14, 2026.**

9. All expert depositions shall be completed by no later than **July 16, 2026.**

10. Dispositive motions shall be filed no later than **September 22, 2026**. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Geraci.

11. Consent to Magistrate Jurisdiction. The parties do not unanimously consent to Magistrate Judge jurisdiction.

12. Protective/Confidentiality Orders. The deadline for the parties to submit any proposed protective/confidentiality order has passed.

13. <u>Limitations in Discovery.</u>

    a. <u>Document Requests</u>

    - The parties are reminded of their obligations under Rule 34(b)(2)(B) and (C) to "state with specificity the grounds for objecting to [a document] request, including the reasons," and to "state whether any responsive materials are being withheld on the basis of that objection." The parties are also reminded that "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

    - To facilitate the process of identifying responsive documents, the parties must apply consecutively-numbered and consistent Bates Numbers to their document productions.

    - When responding to document requests, the parties shall identify by Bates Number(s) the specific document(s) that are responsive to each request.

    b. <u>Interrogatories</u>

    - The parties are reminded of their obligation under Rule 33(b)(4) that "[t]he grounds for objecting to an interrogatory must be stated with specificity." The Court will enforce Rule 33(b)(4)'s command that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

    - Plaintiffs may serve up to 75 interrogatories on the City defendants

    - Plaintiffs may serve up to 50 interrogatories on the County defendants.

    - The City and County defendants may serve up to 75 interrogatories on the Plaintiffs.

      c. <u>Depositions</u>

- Pursuant to Rule 30(a)(2)(A)(i), Plaintiffs may take up to 30 party and fact depositions without leave of the court.
- Pursuant to Rule 30(a)(2)(A)(i) Defendants may take up to 30 party and fact depositions without leave of the court
- The parties will meet and confer as to the number and topics of Rule 30(b)(6) depositions.

14.     <u>Electronic discovery</u>. The deadline for the parties to submit a proposed joint electronic discovery order has passed. The deadline for the parties, and a representative of the City and County with knowledge of their IT systems and capabilities, to confer about an ESI protocol has passed. The parties continue to work towards an agreement.

15.     <u>Privilege and work-product agreements</u>. The parties propose to reserve their rights to reach privilege and work-product agreements as needed.

16.     <u>Settlement Conference.</u> The parties are not unanimously amenable to settlement conferences with the Court at this time but will advise the Court if that changes.

17.     A <u>trial date status conference</u> pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions.  If no dispositive motions are filed, counsel shall **<u>immediately</u>** contact the trial judge so that a trial date status conference can be scheduled. At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below.  If the parties disagree as to the information to be provided, the report must set forth their different responses.  The joint status report shall contain:

    (1)    <u>Nature of the Case</u>: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

    (2)    <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

    (3)    <u>Settlement</u>: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

    (4)    <u>Trial</u>: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

13. The parties each demanded a trial by jury in their pleadings and estimate that a trial in this matter would last approximately eight weeks.

No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

**IT IS SO ORDERED.**

                                                                               /s/ Mark W. Pedersen
                                                      Hon. Mark W. Pedersen
                                                      United States Magistrate Judge

Dated: August 6, 2025
       Rochester, New York